# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

INLAND LEASE AND RENTAL, INC.
d/b/a INLAND PACLEASE,

    Plaintiff,

v.                                                    Case No. 1:24-cv-00608-WJ-LF

DMG CONSULTING & DEVELOPMENT
INC. d/b/a GOLDCOAST LOGISTICS
a/k/a GOLD COAST LOGISTICS GROUP,
GOLDCOAST EXPEDITING INC.,
GOLDCOAST CARRIERS INC.,
GOLDCOAST FINANCIAL LLC,
GCG LOGISTICS INC.,
UNITED GLOBAL FREIGHT INC., and
1425 MADELINE LANE LLC,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION FOR ALTERNATIVE SERVICE

This matter comes before the Court on Plaintiff Inland Lease and Rental, Inc. d/b/a Inland PacLease's Motion for Leave to Serve Defendants by Alternative Method of Service and for an Enlargement of Time to Effect Service of Process ("Motion"), filed September 12, 2024 (Doc. 17). The Court held that motion in abeyance and ordered Inland PacLease to attempt service at three additional addresses. Doc. 18. Inland PacLease has filed a Memorandum Brief in Response to Court's Memorandum Opinion and Order Holding Motion in Abeyance ("Brief"). Doc. 19. In the Brief, Inland PacLease outlines its attempts to effect service at the three addresses the Court identified. Accordingly, the Court is satisfied that Inland PacLease has attempted service at all known addresses for the defendants, and therefore, the Court grants the Motion as described below.

## BACKGROUND AND LEGAL STANDARD

Federal Rule of Civil Procedure 4(e)(1) allows service upon an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located . . . ." For this case, filed in the District of New Mexico, the law of the state of New Mexico governs service of process.

Under New Mexico law, "[p]rocess shall be served in a manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend." NMRA 1-004(E). Specifically, service upon a corporation or LLC is to be made "to an officer, a managing or a general agent or to any other agent authorized by appointment, by law or by this rule to receive service of process." NMRA 1-004(G)(1)(a). The unserved entities in this case are Goldcoast Expediting, Inc. ("Goldcoast Expediting"); United Global Freight, Inc. ("United Global Freight"); Goldcoast Financial, LLC ("Goldcoast Financial"); GCG Logistics, Inc. ("GCG"); and Goldcoast Carriers, Inc. ("Goldcoast Carriers"). Searches with the Illinois Secretary of State indicate that the agent for Goldcoast Expediting and United Global Freight is Gabriela Sprinceana, Doc. 17-2; the agent for Goldcoast Financial is Dragos Sprinceana, Doc. 17-12 at 1; the agent for GCG Logistics is Gherghina Sprinceana, Doc. 17-12 at 3; and the agent for Goldcoast Carriers is Marian Visan, Doc. 17-7 at 1.

The Court incorporates by reference the contents of its Memorandum Opinion and Order Holding Motion in Abeyance (Doc. 18), which outlines the complete history of Inland PacLease's attempts at service. In sum, Inland PacLease attempted service at all known addresses for all defendants with the exception of the following three addresses:

<u>100 Illinois Street, Suite 200, St. Charles, IL 60174-1867</u>

Inland PacLease attempted service on Gabriela Sprinceana on behalf of United Global Freight, Inc., at the above address. This address is the registered street address for United Global Freight. Doc. 18 at 3–4 (citing Doc. 17-2 at 3). Inland PacLease contracted with a private investigator to attempt service at the Illinois Street address and found that the address was a virtual office—essentially, an address where another company, Regus, handles and forwards United Global Freight's mail and takes its calls. Doc. 19-1 at 1 (service attempted on November 12, 2024); Doc. 19-2 (credentials of private investigator); Doc. 19-3 at 1 (Regus virtual office explanation); Doc. 19-4 (Regus website identifying Illinois Street address as a Regus virtual office). Inland PacLease provided the service materials to the manager of the Regus location, who is authorized to accept mail for United Global Freight; the manager said that he would forward them or provide them for pickup to United Global Freight. Doc. 19-8.

<u>1600 Golf Road, Suite 1200, Rolling Meadows, IL 60008</u>

Inland PacLease attempted service on Ms. Sprinceana on behalf of United Global Freight at the above address. It contracted the same private investigator, who reported that the Golf Road address was also a Regus virtual office. Doc. 19-5 at 1–2; Doc. 19-6; Doc. 19-9 (affidavit of non-service). When the private investigator attempted service on November 14, 2024, he found that the Golf Road Regus office did not have a listing for United Global Freight or Gold Coast Expediting as client customers at this address. Doc. 19-9.

<u>1248 N. 2nd Ave., Suite G, Ajo, Arizona 85321</u>

Inland PacLease attempted service on Dragos Sprinceana and Gherghina Sprinceana on behalf of GCG Logistics, Inc., at the above address. It contracted a firm, which assigned the matter a process server. Doc. 19 at 4; Doc. 19-1 at 2. The process server attempted service at the

3

Ajo address on November 14, 2014, and found that the building was closed and there was no activity or answer. Doc. 19-10 at 1. He attempted service again on November 18, 2024, and found that the location "now has a sold sign from a real estate company out front and appears to be vacant." *Id.* at 1, 8.

<u>Service on GCG, Goldcoast Financial, 1425 Madeline Lane LLC, and DMG</u>

Outside of the Court's order, Inland PacLease made additional attempts to serve Dragos Sprinceana—one of which was productive. On November 12, 2024, a process server delivered the Complaint, the Memorandum Opinion (Doc. 18), and Summonses for GCG; Goldcoast Financial; 1425 Madeline Lane, LLC ("1425 Madeline Lane"); and DMG Consulting and Development, Inc. ("DMG"), to Mike Bryson, the fleet manager of DMG at DMG's headquarters in Illinois. Doc. 19 at 5; Doc. 19-12. Although "Mr. Bryson said that Dragos Sprinceana was not at the building and was often not there," he also said "that he [Mr. Bryson] was the person in charge of the facility and would be authorized to accept legal documents on behalf of these corporations." Doc. 19-12.

## DISCUSSION

Inland PacLease now has successfully served GCG and Goldcoast Financial, in addition to its previous successful service on DMG and 1425 Madeline Lane. *See* Doc. 19-12; Doc. 7; Doc. 8. The remaining unserved entities are Goldcoast Expediting, United Global Freight, and Goldcoast Carriers. The Court finds that Inland PacLease has done its due diligence to serve process "in a manner reasonably calculated, under all the circumstances, to apprise the defendant[s] of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend." NMRA 1-004(E). Accordingly, the Court will GRANT the Motion and allow service by mail as outlined in the Motion (Doc. 17) pages 5–6, with an extension of the

4

deadline to serve the defendants by another ninety (90) days. In addition, the Court will grant Inland PacLease's request to serve DMG, 1425 Madeline Lane, GCG, and Goldcoast Financial by mail or an alternative method at the same time as it effects service by mail on the other defendants "[t]o eliminate any question that due process has been given." Doc. 19 at 6.

    It is so ordered.

_____
LAURA FASHING
UNITED STATES MAGISTRATE JUDGE